

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00360-CV

**MALCOLM CLAY HARRIS,**

        **Appellant**

 **v.**

**MARCUS CANNON,**

        **Appellee**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26100**

## MEMORANDUM OPINION

Malcolm Harris, an inmate of the Texas Department of Criminal Justice, filed suit against another inmate, Marcus Cannon, as well as several prison employees. Harris alleges in his petition that he was assaulted by Cannon and that the prison employees failed to protect him from serious bodily harm and failed to provide him with prompt medical attention. The Attorney General filed an Amicus Curae Chapter Fourteen Advisory in the trial court asserting that Harris failed to comply with the procedural and substantive requirements of Chapter 14 of the Texas Civil Practice and Remedies

Code.  The trial court entered judgment dismissing Harris's suit for failing to comply with Chapter 14.  We affirm.

Harris brings three issues on appeal.  He argues that 1) the trial court erred in dismissing his suit because the defendants failed to protect him during the  normal course of their duties; 2) the defendants failed and delayed the process in getting him required medical attention; and 3) the defendants treated him with cruel and unusual punishment by increasing his suffering in delaying his medical treatment.

Section 14.005 of the Texas Civil Practice and Remedies Code provides:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
> (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.
>
> (c) If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure.

TEX.CIV.PRAC & REM. CODE ANN. § 14.005 (West 2002).

Harris states that he received an eye injury as the result of the altercation with Cannon on July 26, 2010.  Harris filed grievances relating to the incident in August 2010 and in October 2010.  Harris received a written response from the grievance system in

November 2010. Harris filed suit against Cannon and the prison employees on June 28, 2012. The trial court did not abuse its discretion in dismissing the cause of action pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (b) (West 2002). We overrule the three issues on appeal.

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 18, 2013
[CV06]